# Richmond.

## SHANNON'S ADMINISTRATOR v. CHESAPEAKE AND OHIO RAILWAY CO.

### December 7, 1905.

#### Absent, Harrison, J.

1. RAILROADS—*Common Carriers—Express Messenger—Release.*—An express messenger who is injured through the negligence of a railroad company, over whose road he is being hauled, may recover from the railroad company, notwithstanding he has contracted in advance with the express company to release it and the railroad company from all liability for such injury. The contract is contrary to public policy, and void both at common law and by statute. Code (1904), Sec. 1294 c. (25).

Error to a judgment of the Circuit Court of Bedford county, in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The facts, in addition to those stated in the opinion of the court, appear in the case of *Fisher* v. *Ches. & O. R. Co., ante,* p. 635.

*Lee & Howard* and *Caskie & Coleman,* for the plaintiff in error.

*Harrison & Long,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This case is controlled in all respects, except one, to which we shall presently advert, by the case of *Fisher's Administrator* v. *Chesapeake and Ohio Railway Company, ante,* p. 635, in which an opinion was handed down at the present term.

The cases arose out of a common accident, and were brought to recover damages for the death of Fisher and Shannon, respectively, alleged to have been caused by the negligence of the defendant. The trial court sustained a demurrer to the evidence in each case, and rendered judgment for the defendant; and the judgment in Fisher's case was reversed by this court in the opinion referred to.

In addition to other defenses, applicable alike to both cases, in the case under review the defendant filed a special plea, in which it averred, "that as a condition of its permitting the plaintiff's intestate to travel in its car over its line or railway, as express messenger in the employ of the Adams Express Company in his performance of his duties as such . . . plaintiff's intestate . . . entered into a contract in writing with said Adams Express Company, which contract was in force at the time the death of the plaintiff's intestate, whereby, in consideration of such employment and the compensation to be paid therefor, the said plaintiff's intestate did assume all risks of death or accident or damage to him or his property, whether from negligence or otherwise, and did release and discharge the said Adams Express Company and any connecting carrier, railroad company, express company or other person or company or connecting carrier (in this instance the defendant), in whose cars or other conveyance he might travel in the performance of his duties aforesaid, from any and all claims, liabilities and demands of every kind, nature and description for or on account of his death, or any injury or damage to his person or property of any kind or nature sustained by him, whether caused by negligence of the said Adams Express Company or any of said railroad companies, or other carriers or otherwise; and did further agree that he voluntarily assumed the risks of injury or death from said negligence or otherwise,

and that none of said companies or persons should incur any further liability whatsoever than therein expressed by reason of permitting him to ride in said cars or other conveyance; . . that at the time of the death of the plaintiff's intestate he was in an express car being transported by the defendant over its said line in pursuance of his contract with a said Adams Express Company, and not otherwise."

The Circuit Court sustained a demurrer to the plea; and that ruling is assigned as cross-error by the defendant.

It will be observed that the precise question presented by this plea is a narrow one, and involves the validity of the contract set forth therein under section 1294c (25), Va. Code, 1904.

The section reads as follows: "No agreement made by a transportation company for exemption from liability for injury or loss occasioned by its own neglect or misconduct as a common carrier shall be valid."

The status both of the express company and the defendant as "common carriers," is fixed by the legislative declaration that the phrase shall include every railroad company and express company chartered by this or any other State, and doing business in this State. Acts, 1891-2, p. 971.

The Virginia statute is merely declaratory of the common law doctrine, that contracts which stipulate for immunity from negligence are invalid as contrary to public policy, and emphasizes the legislative policy on that subject in the State. The language is so plain that an attempt at exposition would rather tend to obscure than elucidate the meaning of the statute.

In the recent case of *Norfolk & Western Ry. Co.* v. *Tanner,* 100 Va. 379, 41 S. E. 721, this court, in construing the foregoing section, held: "That a person travelling upon a free pass is clothed with every right appertaining to a passenger for hire; and a railway company, having by virtue of the pass undertaken to carry the person to whom it is issued, is charged with the duty of transporting that person safely, even though by

agreement signed by the passenger, it undertook to relieve itself from the consequences of the negligence of its servants; such an agreement being against the policy of the State is inoperative and void."

It is sought to withdraw this case from the precept of the statute, and the well-established rule of the common law upon which it is founded, and bring it within the influence of that line of authorities (of which the case of *B. & O. S. W. Ry. Co.* v. *Voight,* 176 U. S. 498, 44 L. Ed. 560, 20 Sup. Ct. 385, is a conspicuous type) which hold, that as it is not one of the duties of a common carrier to transport for an express company, its messenger and merchandise, the defendant could, therefore, contract with the express company for exemption from liability for the death of plaintiff's intestate, although occasioned by its own negligence; the express messenger also voluntarily entering into a contract with the express company, in consideration of his employment, that he would assume such risk, and absolve his employer and the defendant from all liability in the premises.

It will be seen that there is a marked difference between the contract set out in the plea in this case, and the tripartite agreement in the Voight case. The only parties to this contract are the express company and its servant, and its purpose is manifest. It stipulates, in the first place, to exempt the master from liability for its own negligence to its servant; and, secondly, undertakes to afford similar immunity to the defendant for its negligence. It is plain that such contract is violative both of the letter and spirit of the statute, and illegal. Indeed, independently of statute, the almost unbroken current of authority declares such contracts void.

The Voight case constitutes a distinct exception to the general rule, and the averments of the plea do not bring the defendant within the exception. If, notwithstanding the unmistakable policy of this State in the interest of human life and safety, we were disposed to follow that case rather than the

line of authorities of which *Railroad Company* v. *Lockwood,* 17 Wall. 357, 21 L. Ed. 627, is an exponent, as to which no opinion is expressed, it would not be permissible to do so under the pleadings in this case.

It follows from what has been said that the demurrer to the plea in question was properly sustained.

As remarked, the case in its other aspects is ruled by the decision in the *Fisher Case.*

In *Voight's Case, supra,* at page 514, it is said of his relations as an express messenger to the railroad company: "He was there as a servant, engaged with the servants of the railroad company in the service of transportation on the road. His duties were substantially the same as those of the baggage-master in the same car; the latter relating to merchandise carried for passengers, and the former to merchandise carried for the express company. His actual relations to the other servants of the railroad corporation engaged in the transportation were substantially the same as those of the baggage-master."

Upon that theory, the defendant owed the plaintiff's intestate at least as high degree of care for his protection as it owed to its employee Fisher, and the judgment ought to be the same in both cases.

We are of opinion, therefore, that the Circuit Court erred in sustaining the demurrer to the evidence, for which error its judgment must be reversed; and this court, pronouncing such judgment as that court ought to have rendered, will overrule the demurrer to the evidence, and enter judgment for the plaintiff in error for the damages assessed by the jury.

*Reversed.*